IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jarode Jermaine Witherspoon, #247462, ) | CIVIL ACTION NO. 9:12-3446-MGL-BM |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.          ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Captain Barry J. Tucker, Warden Tim ) | |
| Riley, Major Parrish, Sgt. R. Groves and ) | |
| Victoria P. Hooks, M/H Counselor, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This action has been filed by the Plaintiff, pro se, pursuant to 42 U.S.C. § 1983. Plaintiff, an inmate with the South Carolina Department of Corrections (SCDC), alleges violations of his constitutional rights by the named Defendants.

The Defendants have filed a motion to dismiss pursuant to Rule 12, Fed.R.Civ.P. As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court advising Plaintiff of the importance of a dispositive motion and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to adequately respond, the Defendants' motion may be granted, thereby ending his case. Plaintiff thereafter filed a "Declaration" with some attached exhibits on February 25, 2013.



- 1 -

The Defendants' motion is now before the Court for disposition.¹

## **Discussion**

Construed liberally, Plaintiff alleges in his Complaint that the Defendants are sexually harassing him due to his being a homosexual, and that the Defendants are also discussing his sexuality with other inmates, thereby possibly placing him in danger.² When considering a Rule 12 motion to dismiss, the Court is required to accept the allegations in the pleading as true, and draw all reasonable factual inferences in favor of the Plaintiff. The motion can be granted only if the Plaintiff has failed to set forth sufficient factual matters to state a plausible claim for relief "on its face". Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Additionally, the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case; See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972); and as the Plaintiff is proceeding pro se, his pleadings are considered pursuant to this liberal standard. However, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990).

Defendants initial argument is that this case should be dismissed for failure of the Plaintiff to exhaust his administrative remedies prior to filing this lawsuit. Pursuant to 42 U.S.C.

---

¹This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. The Defendants have filed a motion to dismiss. As this motion is dispositive, this Report and Recommendation is entered for review by the Court.

²Plaintiff's complaint also contains a hodge podge of other claims and allegations relating generally to the overall conditions of his confinement, although it is unclear whether Plaintiff has intended for these other allegations to be claims for purposes of this lawsuit.



§ 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this Title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Through the enactment of this statute, Congress has mandated exhaustion regardless of the relief offered through administrative procedures. Booth v. Churner, 532 U.S. 731, 741 (2001); see Porter v. Nussle, 534 U.S. 516 (2002); Larkin v. Galloway, 266 F.3d 718 (7th Cir. 2001) [exhaustion required even though plaintiff claimed he was afraid]; see also Claybrooks v. Newsome, No. 00-7079, 2001 WL 1089548 (4th Cir. Sept. 18, 2001) (unpublished opinion) [applying Booth v. Churner to affirm district court's denial of relief to plaintiff]. Accordingly, before Plaintiff may proceed on his claims in this Court, he must first have exhausted the administrative remedies that were available to him at the prison.

The Defendants have the burden of showing that Plaintiff failed to exhaust his administrative remedies. See Anderson v. XYZ Correctional Health Services, Inc., 407 F.3d 674, 683 (4th Cir. 2005) [inmate's failure to exhaust administrative remedies is an affirmative defense to be both pled and proven by the Defendant]; Jones v. Bock, 127 S.Ct. 910 (2007). To meet this burden, the Defendants have submitted an affidavit from Ann Hallman, Chief of the Inmate Grievance Branch of the SCDC, with attached exhibits showing that Plaintiff failed to exhaust his administrative remedies with respect to his claims prior to filing this lawsuit.³ This Court can take

---

³Plaintiff has also submitted a number of exhibits as attachments to both his Complaint and his filing in opposition to the Defendants' motion, all of which have also been considered. See Spruill v. Gillis, 372 F.3d 223 (3rd. Cir. 2004) [documents relating to issue of exhaustion may be considered when considering a motion to dismiss]. To the extent the Court's consideration of these materials requires a review of Defendants' motion under the standards of a Rule 56 motion for summary judgment, the undersigned finds that also to be proper where Plaintiff has received notice of these filings and the appropriate Roseboro instructions. Cf. Curry v Mazzuca, No. 05-1542, 2006 WL 250487, at * 4-5 (S.D.N.Y. Feb.2, 2006).



judicial notice from previous cases filed in this Court that, under the SCDC grievance procedure, all inmate grievances must be filed within fifteen (15) days of the alleged incident by submitting a Step 1 Grievance form. The Department thereafter has nine (9) working days to enter the grievance into the SCDC automated system, and the Warden should thereafter respond to the grievance in writing within forty (40) days. However, pursuant to SCDC Policy GA-01.12, certain grievances are required to be sent to the SCDC Division of Investigations (DOI), and in that event the Warden's time to respond to the grievance does not begin until the grievance is returned to the Institution from the DOI. Jamison v. Wright, No. 11-2578, 2012 WL 3764031 at * 3 (D.S.C. June 29, 2012)[Noting that grievance is held in abeyance while a criminal investigation of incident is undertaken by SCDC's Division of Investigations, and that Step 1 grievance proceeded after conclusion of investigation], adopted and incorporated by, 2012 WL 3839153 (D.S.C. Aug. 30, 2012); McKenny v. Reynolds, No. 11-366, 2011 WL 1287907 at * 4 n. 5 (D.S.C. Mar. 17, 2011)["The regular time limits do not apply in emergency situations or where criminal activity is alleged in the grievance and it is necessary to refer the matter to the South Carolina Law Enforcement Division for investigation."], adopted and incorporated by, 2011 WL 1225685 (D.S.C. Mar. 31, 2011); David v. South Carolina Dep't. of Corrections, No. 10-1341, 2010 WL 2817225 at * 3 n. 3 (D.S.C. June 16, 2010)[same], adopted and incorporated in, 2010 WL 2817225 (D.S.C. July 16, 2010).

If a Step 1 grievance is denied by the Warden, the inmate may then appeal the Warden's decision by filing a Step 2 appeal with the Division Director of Operations by submitting it to the Inmate Grievance Coordinator within five (5) calendar days of receiving the Warden's response. The Department thereafter has sixty (60) days to respond to the Step 2 grievance, plus five

- 4 -



(5) days for the grievance to be served. See Aloe Creme Laboratories, Inc. v. Francine Co, 425 F.2d 1295, 1296 (5th Cir. 1970); see also Branton v. Ozmint, No. 08-2306, 2009 WL 1457144 at * 2 (D.S.C. May 22, 2009); Jenkins v. South Carolina Dept. of Corrections, No. 05-2800, 2006 WL 1083563 at * 5 (D.S.C. Apr. 18, 2006).

In her affidavit, Hallman attests to the status of numerous grievances filed by the Plaintiff, copies of which are attached to her affidavit as exhibits, as well as to the fact none of these grievances has been completed through the Step 2 grievance appeal process.[4] Indeed, it is noted that, with the lone exception of Grievance No. 664-12, which was filed on June 14, 2012, none of Plaintiff's Step 1 grievances were even submitted until on or after September 19, 2012, only approximately two months before Plaintiff filed this lawsuit. Hence, except for Grievance No. 664-12, Plaintiff filed this lawsuit well within the time period for the Department to still be processing his grievances,[5] and indeed Plaintiff even concedes in his Complaint that, with respect to his grievances, "some are still being processed & some are un-processed". Complaint, p. 3. See Graham v. Perez, 121 F.Supp.2d 317, 322 (S.D.N.Y. 2000)[Where prisoner files a grievance but fails to afford prison officials adequate time to respond before filing his Complaint, Prisoner has

---

[4] Hallman also attests that none of these grievances has been appealed to the South Carolina Administrative Law Court. However, Plaintiff is not required to go past the Step 2 Grievance Appeal final decision to exhaust the types of claims presented in this lawsuit. Johnson v. Ozmint, 567 F.Supp. 2d 806, 820, n. 5 (D.S.C. 2008); Duncan v. Langestein, No. 07-268, 2008 WL 153975 at * 5 (D.S.C. Jan. 14, 2008) (citing Charles v. Ozmint, No. 05-2187, 2006 WL 1341267 at * 4 n. 4 (D.S.C. May 15, 2006) [recognizing that completion of Step 2 grievance exhausts administrative remedies and that § 1997(a) does not require inmates to further appeal to Administrative Law Court.]; Ayre v. Currie, No. 05-3410, 2007 WL 3232177 at * 7 n.5 (D.S.C. Oct. 31, 2007).

[5] Hallman's affidavit does not address Grievance Nos. 1234-12 and 1266-12, the Step 1 forms for which are both attached as exhibits to Plaintiff's Complaint, as these grievances were returned unprocessed. In any event, the same defense would apply with respect to these two grievances, as Grievance 1234-12 is dated September 21, 2012, while Grievance 1266-12 is dated October 5, 2012.
.



failed to exhaust available administrative remedies].

In his "Declaration" and attached exhibits filed in opposition to the Defendants' motion, Plaintiff does not appear to contest the Defendants' evidence with respect to the status of his various grievances, other than to state at one point that a § 1983 Plaintiff "need not exhaust state administrative remedies [for a claim] giving rise to liability under § 1983". See Court Docket No. 26-1, p. 3. However, that is not a correct statement of the law. Hyde v. South Carolina Dep't of Mental Health, 442 S.E.2d 582, 583 (1994) ["Where an adequate administrative remedy is available to determine a question of fact, one must pursue the administrative remedy or be precluded from seeking relief in the courts"]; Nyhuis v. Reno, 204 F.3d 65, 73 (3d Cir. 2000)["It is beyond the power of this court - or any other to excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy or any other basis."](quoting Beeson v. Fishkill Corr. Facility, 28 F.Supp. 2d 884, 894-895 (S.D.N.Y. 1998)); Jones v. Smith, 266 F.3d 399 (6th Cir. 2001) [exhaustion required even though plaintiff claimed futility]. Further, even if one or more of these grievances has now been properly exhausted (of which there is no evidence), that would not save Plaintiff's lawsuit from dismissal. See Cannon v. Washington, 418 F.3d 714, 719 (7th Cir. 2005) [Prisoner may not file a lawsuit before exhausting his administrative remedies, even if he exhausts those remedies while litigation is pending]; Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999)[Prisoner "may not exhaust administrative remedies during the pendency of the federal suit."]. Therefore, the claims presented by Plaintiff in his grievances (with the exception of Grievance No. 664-12, discussed infra) have not been exhausted and are subject to dismissal. Hyde, 442 S.E.2d at 583.

However, with respect to Grievance 664-12, the Step 1 grievance was filed June 14,



2012. The evidence further reflects that (after receiving a response from the Warden), Plaintiff filed his Step 2 grievance appeal on August 4, 2012, and Hallman attests that Plaintiff had not received a final decision on this Step 2 grievance appeal before he filed this lawsuit. Hallman Affidavit, ¶ 5; see also attached Exhibits A, B and C. Hence, as well over 60 days had passed from when Plaintiff filed his Step 2 grievance appeal and the filing of this lawsuit, the undersigned does not find that the Defendants have met their burden of showing a failure to exhaust with respect to this grievance. See Boyd v. Corrections Corp. of America, 380 F.3d 989, 996 (6th Cir. 2004) [administrative remedies are exhausted when prison officials fail to timely respond to a properly filed grievance], cert. denied, 544 U.S. 920 (2005); Lewis v. Washington, 300 F.3d 829, 833 (7th Cir. 2002) [stating that prison's failure to timely respond renders administrative remedies unavailable].

Turning then to the merits of this claim, in Grievance No. 664-12, Plaintiff alleged that the Defendant Barry Tucker was verbally sexually harassing him. No allegations were made in this grievance against any of the other Defendants named in this lawsuit. However, while Tucker, as an employee of the South Carolina Department of Corrections, is subject suit for damages in his individual capacity under § 1983, it is well established that the use of vile or vulgar language is not a basis for a § 1983 claim. Malsh v. Austin, 901 F.Supp. 757 (S.D.N.Y. 1995)["Verbal assault, standing alone, is not a . . . cognizable injury in a 1983 civil rights action"]; Sluys v. Gribetz, 842 F.Supp. 764, 765 n.1 (S.D.N.Y. 1994) affmd., Sluys v. Gribetz, 41 F.3d 1503 (2d Cir. 1994); Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997); Batista v. Rodriguz, 702 F.2d 393, 398 (2nd Cir. 1985); Ajaj v. United States, 479 F.Supp. 2d 501, 538 n. 16 (D.S.C. 2007); Morva v. Johnson, No. 09-515, 2011 WL 3420650 at * 7 (W.D.Va. Aug. 4, 2011)[Plaintiff failed "to establish that a Defendant violated a constitutional right by harassing, threatening, or ridiculing him . . . ."]; DePaoa



v. Taylor, No. 10-398, 2011 WL 2445859 at * 9 (W.D.Va. June 15, 2011)["[A]n institutional employee's verbal harassment of an inmate or idle threats made to an inmate, even if they cause an inmate fear, anxiety or discomfort, do not present a claim of constitutional magnitude."], adopted by, 2011 WL 3105336 (W.D.Va. July 25, 2011); Musto v. Trinity Food Service, Inc., No. 07-231, 2010 WL 3565723 at * 13 (M.D.Fla. 2010)[Although "racial epithets are repulsive and generally the weapon of the uncivilized, . . . verbal harassment does not state a claim for relief in a federal civil rights action."].

Therefore, while the Court (assuming Plaintiff's allegations to be true for purposes of Defendants' motion) certainly does not condone the kind of conduct alleged, even accepting the allegations in this grievance (to the extent these allegations have been incorporated into Plaintiff's Complaint as a claim against the Defendant Tucker) to be true, they provide no basis for a claim for damages under § 1983.[6]  Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003)[In order to survive a motion to dismiss for failure to state a claim, the Plaintiff must have alleged facts sufficient to state all of the elements of the claim asserted].  Therefore, this claim is subject to dismissal.

## Conclusion

Based on the foregoing, it is recommended that, to the extent Plaintiff has asserted a claim in his Complaint against the Defendant Tucker that Tucker is using vile and abusive sexually harassing language against him, that that claim be **dismissed**, with prejudice.  With respect to all of

---

[6]Although Tucker was the only Defendant named in Grievance 664-12, even if the filing of this grievance could be construed as being against the other named Defendants as well; cf. Moore v. Bennette, 517 F.3d 717, 726-727 (4th Cir. 2008); Plaintiff's claim would still be without merit for the reasons set forth hereinabove.

- 8 -



the Plaintiff's remaining claims, it is recommended that the Defendants' motion for summary judgment be **granted**, and that this case be **dismissed** , without prejudice, for failure of the Plaintiff to exhaust his administrative remedies prior to filing this lawsuit.  47 U.S.C. § 1997e(a).

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

March 8, 2012
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).



- 10 -