IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jarode Jermaine Witherspoon, #247462, ) | Civil Action No.: 9:12-3446-MGL |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.   ) | |
| ) | **OPINION AND ORDER** |
| Captain Barry J. Tucker, Warden Tim Riley, ) | |
| Major Parrish, Sgt. R. Groves and Victoria P. ) | |
| Hooks, M/H Counselor, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Jarode Jermaine Witherspoon ("Plaintiff"), an inmate with the South Carolina Department of Corrections ("SCDC") housed at Tyger River Correctional Institution in Enoree, South Carolina, proceeding *pro se* and *in forma pauperis*, filed this action pursuant to 42 U.S.C. § 1983. (ECF No. 1). In his complaint, Plaintiff alleges that Defendants Captain Barry J. Tucker, Warden Tim Riley, Major James Parrish, Sergeant Roderick Grove, and Victoria P. Hooks ("Defendants") violated his constitutional rights. *Id.* Plaintiff seeks monetary damages and transfer to another facility. Defendants filed a Motion to Dismiss on January 28, 2013, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 22.) Also, pending before the court are Plaintiff's Motions for Appointment of Counsel (ECF No. 30) and for a Preliminary Injunction and a Temporary Restraining Order. (ECF No. 34). In accordance with 28 U.S.C. § 635(b) and Local Civil Rule 73.02 for the District of South Carolina, this matter was referred to United States Magistrate Judge Bristow Marchant for pre-trial handling and a Report and Recommendation ("Report"). The Magistrate Judge recommends that (1) the court dismiss Plaintiff's claims against Captain Barry Tucker ("Defendant Tucker") for using vile

and abusive sexually harassing language against Plaintiff and (2) that the court grant summary judgment on Plaintiff's remaining claims due to Plaintiff's failure to exhaust his administrative remedies.

## BACKGROUND

The Reports set forth in detail the relevant facts and standards of law on this matter and the court incorporates them and summarizes below in relevant part. (ECF No. 27). Plaintiff initiated this action on December 6, 2012, against the above-captioned Defendants. Plaintiff contends *inter alia* that Defendants have verbally sexually harassed him by calling him names such as "Fag, Punk and Homo" as well as telling other inmates that Plaintiff would "rape them & masterbate [sic]" on them because he was a homosexual. Plaintiff further asserts that he has filed grievances concerning these incidents and "some are still being processed [and] some are un-processed [sic]." (ECF No. 1 at 8). Plaintiff seeks monetary damages as well as a transfer to a different facility.

On January 28, 2013, Defendants filed a Motion to Dismiss (ECF No. 22) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure arguing in part that Plaintiff failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a) and *Porter v. Nussle*, 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002). Pursuant to *Roseboro v. Garrison*, 528 F. 2d 309 (4th Cir. 1975), the Magistrate Judge advised Plaintiff that a Motion to Dismiss had been filed and of the possible consequences if he failed to respond adequately. (ECF No.24). On February 25, 2013, Plaintiff filed a "Declaration" along with other exhibits opposing Defendants' Motion to Dismiss. (ECF No. 29).

The Magistrate Judge reviewed the *pro se* complaint pursuant to the provisions set forth in 28 U.S.C. § 1915A, 1915 and the Prison Litigation Reform Act of 1996. On March

8, 2013, the Magistrate Judge issued a Report recommending that the Court grant Defendants' Motion to Dismiss. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and of the serious consequences if they failed to do so. (ECF No. 27 at 10). On March 25, 2013, Plaintiff filed what the court liberally construes as objections to the Report. (ECF No. 31).

## **STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to the district court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270–71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the Report to which specific objections have been filed*. Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982) ( "[*D*]*e novo* review [is] unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation.") The court reviews only for clear error in the absence of a specific objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310 (4th Cir.2005). Furthermore, in the absence of specific objections to the Report, this court is not required to give any

explanation for adopting the recommendation.  *See Diamond*, 416 F.3d at 315; *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

## DISCUSSION

In this action, Plaintiff's primary claim appears to be that Defendants violated Plaintiff's constitutional rights by sexually harassing him due to his being a homosexual.[1] (ECF No. 1 at 3).  Plaintiff contends that Defendants discussed his sexuality with other inmates, thereby causing him mental anguish and possibly placing him in danger.  *Id.* Plaintiff indicates that he filed grievances concerning his claims of sexual harassment. Defendants argue that Plaintiff has failed to exhaust his administrative remedies and as such the complaint should be dismissed.

Under the Prison Litigation Reform Act ("PLRA") a prisoner is required to exhaust his administrative remedies before filing an action concerning his confinement.  *See* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted").  This provision is mandatory, and prisoners must exhaust all available remedies, even those where the relief requested cannot be granted administratively.  *Booth v. Churner*, 532 U.S. 731, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001).

It is Defendants' burden to show that a prisoner/plaintiff failed to exhaust his or her administrative remedies prior to bringing a lawsuit.  *Anderson v. XYZ Correctional Health*

---

[1] The Magistrate noted that Plaintiff's complaint contained other claims and allegations relating to the conditions of his confinement.  Upon review, the Court agrees with the Magistrate Judge that it is unclear as to whether or not Plaintiff intended these claims to be a part of the underlying action.

*Services, Inc.*, 407 F.3d 674, 683 (4th Cir.2005).  Defendants rely on the affidavit of Ann Hallman ("Hallman"), Inmate Grievance Branch Chief with SCDC, as well as attachments to Hallman's affidavit in support of their motion for summary judgment and dismissal of this action.  Hallman attests that none of Plaintiff's grievances have been completed through the Step 2 Appeal process, thus Hallman attests that Plaintiff failed to exhaust his administrative remedies.[2]

After reviewing the applicable law, the record, and the submissions of the parties, the Magistrate Judge concluded that Defendants met their burden of showing that Plaintiff failed to exhaust his administrative remedies except as to Grievance No. 664-12 which stated claims against Defendant Tucker for verbal sexual harassment.  The Magistrate Judge pointed out that none of Plaintiff's other grievances were submitted until on or after September 19, 2012, which was approximately two months prior to the filing of the instant action.  Additionally, Plaintiff does not appear to challenge Defendants' evidence concerning the status of his grievances, except to assert that he did not have to exhaust state administrative remedies in a § 1983 action.  As the Magistrate Judge explained Plaintiff's assertion is incorrect.  The court notes that Plaintiff acknowledged that some of his grievances were still being processed.  As such, the court concurs with the Magistrate Judge's conclusion that, with the exception of Grievance No. 664-12, Plaintiff failed to exhaust his administrative remedies as to the claims set forth in this lawsuit and these claims should be Dismissed.

As to Plaintiff's Grievance No. 664-12 against Defendant Tucker, the court notes that

---

[2] As referenced by the Magistrate Judge, Hallman's affidavit does not address grievances filed by Plaintiff that were returned to Plaintiff unprocessed.

Plaintiff filed a Step 1 grievance on June 14, 2012. After receiving a response, Plaintiff filed a Step 2 grievance on August 4, 2012. Since more than 60 days had passed between the time Plaintiff filed his Step 2 grievance and the filing of this lawsuit, the Magistrate determined that Plaintiff had exhausted his administrative remedies as to Grievance No. 664-12,

In Grievance No. 664-12, as previously indicated, Plaintiff alleged that Defendant Tucker had verbally sexually harassed him. The Magistrate Judge noted that, the use of vile or vulgar language is not a basis for a § 1983 claim. *Malsh v. Austin*, 901 F. Supp. 757 (S.D.N.Y 1995) [Verbal assault, standing alone, is not . . . cognizable injury in a 1983 civil rights action"]; *Keves v. City of Albany*, 594 F.Supp. 1147 (N.D.N.Y.1984) ("[T]he use of vile and abusive language [including racial epithets], no matter how abhorrent or reprehensible, cannot form the basis for a § 1983 claim."); *Morrison v. Martin*, 755 F.Supp. 683, 687 (E.D.N.C.1990), aff'd 917 F.2d 1302 (4th Cir.1990) (finding that the threatening language of a prison official, even if true, does not amount to constitutional violation). Because Defendant Tucker's alleged verbal sexual harassment alone does not rise to the level of a constitutional violation, the Magistrate Judge concluded Plaintiff had failed to allege facts sufficient to state a claim upon which relief could be granted against Defendant Tucker. Thus, the Magistrate Judge recommended that the court dismiss Plaintiff's claims against Defendant Tucker with prejudice.

## **PLAINTIFF'S OBJECTIONS**

On March 25, 2013, Plaintiff filed a two (2) page unlabeled document along with two attachments totaling one hundred and eleven (111) pages which the court has construed

liberally as Plaintiff's objections to the Magistrate Judge's Report.  Plaintiff's objections predominantly reiterate factual allegations made in prior filings and fail to specifically point to any error in the Report.  Notably, Plaintiff has not filed a specific objection to the Magistrate Judge's recommendation regarding Plaintiff's failure to exhaust administrative remedies nor has Plaintiff filed a specific objection as to the Magistrate Judge's recommendation regarding Defendant Tucker.  In the absence of specific objections to the Report, this court is not required to give any explanation for adopting the recommendation.  *See Camby v. Davis* at 199.  As such, the court overrules Plaintiff's objections and adopts the Magistrate Judge's findings that Plaintiff has not exhausted his administrative remedies and that Plaintiff has failed to state a claim against Defendant Tucker.

The court next turns to Plaintiff's Motion for Appointment of Counsel.  (ECF No. 30).

**Plaintiff's Motion for Appointment of Counsel**

Plaintiff filed a Motion for Appointment of Counsel on March 25, 2013.  *Id.* Defendants oppose Plaintiff's motion.  (ECF No. 33).

As to Plaintiff's Motion for Appointment of Counsel (ECF No. 30), there is no right to appointed counsel in § 1983 cases.  *Hardwick v. Ault*, 517 F.2d 295 (5th Cir.1975).  As stated in 28 U.S.C. § 1915(e)(1), the court may use its discretion to appoint counsel for an indigent in a civil action. *Smith v. Blackledge*, 451 F.2d 1201 (4th Cir.1971).  However, such appointment "should be allowed only in exceptional cases."  *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir.1975).  Whether exceptional circumstances are present depends on the type and complexity of the case, and the *pro se* litigant's ability to prosecute it.  *Whisenant v. Yuam*, 739 F.2d 160 (4th Cir.1984), *abrogated* on other grounds by *Mallard v. United States Dist. Court for S. Dist. of Iowa*, 490 U.S. 296, 109 S.Ct. 1814, 104 L.Ed.2d 318

7

(1989). Upon review, the court does not deem that the instant action sets forth "exceptional circumstances" and as such DENIES Plaintiff's Motion for Appointment of Counsel. (ECF No. 30). The court now considers Plaintiff's Motion for a Preliminary Injunction or Temporary Restraining Order. (ECF No. 34).

**Plaintiff's Motion for Preliminary Injunction or Temporary Restraining Order**

The court notes that Plaintiff seeks injunctive relief in the form of a temporary restraining order and preliminary injunction. (ECF No. 34). Defendants oppose Plaintiff's motion and argue that Plaintiff has failed to identify, argue, or offer proof of any of the required elements needed for the issuance of a preliminary injunction by this Court. (ECF No. 35).

Injunctive relief is an extraordinary remedy "involving the exercise of very far-reaching power" and should "be granted only sparingly and in limited circumstances." In re Microsoft Corp. Antitrust Litig., 333 F.3d 517, 524 (4th Cir.2003), *abrogated on other grounds by eBay, Inc. v. MercExchange, LLC*, 547 U.S. 388, 126 S.Ct. 1837, 164 L.Ed.2d 641 (2006). A Plaintiff seeking either a temporary restraining order or a preliminary injunction must establish each of the following elements: (1) the likelihood that the Plaintiff will succeed on the merits; (2) the likelihood of irreparable harm to the Plaintiff if the injunction is not granted; (3) that the balance of equities tips in his or her favor; and (4) that the injunction is in the public interest. *Winter v. Natural Res. Defense Council, Inc.*, 555 U.S. 7, 19–20, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008); *The Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 346–47 (4th Cir.2009), *overruling Blackwelder Furniture Co. of Statesville v. Seilig Mfg. Co.*, 550 F.2d 189 (4th Cir.1977). Moreover, a plaintiff must demonstrate more than the mere possibility of irreparable harm, as injunctive

relief is an extraordinary remedy that may only be awarded upon a clear showing that the Plaintiff is entitled to such relief. *See Real Truth*, 575 F.3d at 346 (*citing Winter*, 555 U.S at 19-22).

Here, Plaintiff has failed to identify, argue, or offer proof of any of the required elements needed for the issuance of a preliminary injunction or a temporary restraining order by this Court. (ECF No. 35). Accordingly, Plaintiff's Motion for Preliminary Injunction and Temporary Restraining order (ECF No. 34) must be DENIED.

## **CONCLUSION**

The court finds that the Magistrate Judge prepared an extensive and detailed Report and appropriately addressed Plaintiff's arguments. The Magistrate Judge clearly and particularly explained why Plaintiff has failed to state a claim against Defendant Tucker and why Plaintiff has failed to exhaust his administrative remedies as to his remaining claims. The Court has accepted all of Plaintiff's factual allegations as true. Nevertheless, after carefully reviewing the Report, the record, the parties' submissions and the applicable law, the court finds no error in the Report and adopts it and incorporates it herein by reference. Plaintiff's claims against Defendant Tucker as set forth in Grievance 664-12 are **DISMISSED WITH PREJUDICE**. (ECF No. 22). As to Plaintiff's remaining claims, Defendants' Motion for Summary Judgment is **GRANTED** and this case is **DISMISSED WITHOUT PREJUDICE** for the failure of Plaintiff to exhaust his administrative remedies. Plaintiff's Motion for Appointment of Counsel (ECF No. 30) is **DENIED**; and Plaintiff's Motion for a Preliminary Injunction or Temporary Restraining Order (ECF No. 34) is **DENIED**.

**IT IS SO ORDERED.**

/s/Mary G. Lewis
United States District Judge

September 12, 2013
Spartanburg, South Carolina